## DISCREPANCIES BETWEEN APPLICATION FOR LIFE INSURANCE AND THE COPY RETURNED.

Circuit Court of Hamilton County.

THE OHIO MUTUAL LIFE INSURANCE COMPANY v. MARIA HOFFMANN.

Decided, January 22, 1910.

*Life Insurance—Construction of the Statutory Provision that Copy of Application Must Accompany Policy Issued—Evidence—Defenses —Section 3623.*

Where discrepancies appear between the original application for life insurance and the copy of the application which was returned with the policy, and these discrepancies are matters of substance, it is not error to exclude them as evidence, if the court finds that they were of such a character as to afford a reasonable ground for a defense.

*Peck, Shaffer & Peck,* for plaintiff in error.
*Joseph B. Kelley,* contra.

GIFFEN, P. J.; SWING, J., and SMITH, J., concur.

The only question here involved is whether the copies of the application or other documents held by the insurer which are intended in any manner to affect the force or validity of the policies, are full and complete within the meaning of Section 3623, Revised Statutes.

In the original "report of the examining physician" for policy No. 3856, under the heading "Family History": Father died at age of "47"; specific cause of death, "Bright's disease"; duration and character of fatal illness, "2 months"; previous health, "good."

In the copy attached to the policy the words "2 months," and "good" do not appear.

Under the heading "Father's father": Age 39—died of cardiac paralysis; duration and character of fatal illness, "sudden," which latter word does not appear in the copy.

The original report is dated November 14, 1907; the copy November 15, 1907.

The original report contains the question to and answers made by the medical examiner, while the copy does not.

In the "report of the examining physician" for policy No. 3858, are questions addressed to and answered by the physician which do not appear in the copy. In the copy are found the following questions: "Has your weight recently increased?" "How much?" Answer, "Neither"—none of which appears in the original.

In the copy the father's previous health is stated as "good." No answer in original.

In the copy the age of living sister is given "57"; in the original "37."

These are all matters of substance, not only because the company has made them so by propounding the questions to the applicant and to the examining physician, but because the family history, the physical condition of the insured and examination by the physician are generally regarded as important by insurance companies. They do not directly affect the particular defense set forth in this case, but they might easily be the occasion of a controversy, to avoid which the statute was evidently passed. We deem it unnecessary to find that the discrepancies are material and would be a good defense to an action upon the policies, but only that they are of such a nature as would afford reasonable ground for such defense. There was therefore no error in excluding the documents in question as evidence and in directing a verdict for the plaintiff.

Judgment affirmed.